SAMUEL DODGE, administrator of ELIZABETH PRINCE, vs. MIND-
WELL PRINCE and JOHN PRINCE.

FRANKLIN,
*January,*
1831.

The necessary intendment, in an officer's return on an execution of an appraisal of land at its *true value in money*, is the true value at the time of such appraisal.

The officer making demand of payment at the house of the debtor, when he is absent from the state, is sufficient to authorize a levy of an execution on land.

The attorney, whose name is certified on an execution, as attorney of the party, is such for the purpose of prosecuting or defending the suit and receiving pay, but not for the purpose of appointing appraisers, unless he has a special appointment for that purpose.

The officer, in returning that the appraisers were appointed by a justice of the peace, must state that he was one, who by law might judge between the parties in civil causes, unless he adopts the generality of an ancient approved form.

This action was brought up from the county court on the following bill of exceptions, to wit :

" *Ejectment* for twenty-six acres and four rods of land in Johnson. Plea, *not guilty*.—The plaintiff claimed title to the land sued for, under the levy of an execution in favor of *Elizabeth Prince*, the intestate, against one *John Prince* ; and in support of the title, offered in evidence the record of a judgement in favor of said *Elizabeth Prince*, against the said John Prince, rendered by Franklin county court, September term, 1826 : and of an execution issued on said judgement, dated October 2, 1826, with the officer's return thereon, showing a levy of the same on the lands in question, October 19, 1826 ; the execution and return thereon having been duly recorded in the proper offices. To the admission of the record aforesaid, in evidence, the counsel for the defendant objected, on the ground of various defects alleged to appear in the return of the officer, and particularly because it did not appear that the officer applied to, or gave any notice to, the said John Prince, to appoint appraisers, or to the attorney of the said John in the suit in which the judgement was rendered, appearing of record therein ; but the objections were overruled, and the record admitted, which is to be referred to on the hearing of these exceptions. It appeared that the said John Prince, at the time of the levy of the execution, and for many years before, was absent from this state ; that he was seized in fee of the lands in question, before and at the time of the levy ; and that the defendants were in possession of the same at the commencement of this action. Whereupon the court instructed the jury, that the levy of the execution was good and valid in law, and that, on the facts aforesaid, the plaintiff was entitled to recover. To the several opinions of the court aforesaid, the counsel for the defendants excepted ; and a verdict for the plaintiff being returned, and judgement rendered thereon, it was ordered, that execution be stayed and the cause removed to the Supreme Court."

On inspecting the record it appeared, the officer, who had levied the execution on the premises, had stated in his

FRANKLIN,
January,
1831.

Dodge, admr.
vs.
Prince et al.

return that he applied to the said *Mindwell Prince*, who was the wife of the debtor, and requested her to appoint one appraiser, and to agree on a third, and that she refusing so to do, he made application to Daniel Dodge, one of the justices of the peace in and for the county of Franklin, who appointed three appraisers, who were by him sworn to appraise the premises, " according to the true and just value thereof in money."

*Aldis* and *Davis*, for the defendants.—Where an execution is levied upon lands, every thing required by law to pass the property must appear, by the return of the officer, to have been done.— *Williams* vs. *Amory*, 14 *Mass. Rep.* 20 ; *Eddy* vs. *Knapp*, 2 *Mass. Rep.* 154.

1. It does not appear, that the officer administered to the appraisers the oath, which the statute requires. They ought to have been sworn to appraise the estate " according to the present true and just value thereof in money." But it appears they were sworn to appraise it " according to the true and just value thereof," &c., without designating the period when its value was what they were to adjudge it to be.

2. It does not appear from the officer's return, that *Mindwell Prince* was such an agent as the law requires to be notified of the appointment of appraisers. She was the wife of the debtor, and it does not appear, she had any authority to appoint appraisers, or had any authority whatever from *John Prince*, except what she derived from being his wife. The wife is not such an agent as is meant by the statute. It must be one whose agency is a matter of record, so that the court may know whether he is agent or not. The officer's decision, that such a person is the agent of the debtor, and has the right to appoint appraisers, is not conclusive. But it is contended, that, when there is a known attorney of record, whose name is endorsed on the execution, he, in the absence of the debtor, has the exclusive authority to agree upon, or appoint, appraisers. In the present case, there were three attornies for the debtor, *John Prince*, whose names were all endorsed on the execution. These were persons whom the debtor had entrusted with the management of the suit, and they alone had authority to act for him in all things relating thereto. The officer ought, therefore, to have applied to them, or to one of them, to appoint an appraiser ; and not having done so, the levy is void.

3. The officer ought to have procured some justice of the peace to appoint appraisers, who by law could judge between the parties

in civil causes; and it should have been so stated in the return. But is does not appear by the return, that the appointment was made by such a qualified and disinterested magistrate.  The officer states, that he applied to Daniel Dodge, justice peace, &c.; but does not state that he could legally judge between the parties.—*3 Vt. Rep.* 352, *Reading* vs. *Weathersfield.*

FRANKLIN,
*January,*
1831.

Dodge, admr.
*vs.*
Prince et al.

*Hunt and Beardsley, contra.*—1. The plaintiff contends, that the judgement, execution and levy, were correct, and properly admitted by the court; that, as *John Prince* had for a long time been absent from this state, and *Mindwell Prince,* the wife of the said *John,* had, for more than 10 years, acted as the known agent of the said *John,* the officer, who made the levy, did right in calling on her to appoint an appraiser; and this superceded all necessity of calling on the attorney of record in the suit in which the execution issued.—*Stat. p.* 210, *s.* 4.

2. That *Mindwell Prince,* and also the plaintiff in the execution, both neglecting to appoint appraisers, it was the duty of the officer, who levied the execution, to call on a justice of the peace, who by law could try civil causes between the parties, to appoint the appraisers; which he did: and the said justice had full power to appoint, and did appoint, three judicious disinterested freeholders of the town and county where the land lay, who did appraise the land at its just value in money; and that the return of the officer is in all other respects is good and valid.—*Idem ; Hathaway* vs. *Phelps,* 2 *Aik.* 84.

*The opinion of the Court was pronounced by*

THOMPSON, J.—The plaintiff claims title to the premises under the levy of an execution; and whether this levy, as it appears in the officer's return, be regular or not, is all we have to decide.

The *first* objection to this levy is, that it does not appear that the appraisers were sworn to appraise the land at its just value at the time of their appraisal.  We think the necessary intendment, from the officer's return, is, that the oath bound them to appraise, and that they did appraise, at its then value.

The *second* objection to the levy is, that the officer did not call upon the attorney of record to appoint appraisers.  With regard to this objection, the return showing that the debtor was absent from the state, a demand at his last usual abode in the state was sufficient.  And, indeed, a demand could not, under the circumstances, be made in any other way.  The attorney on the execution is not an attorney or agent within the meaning of the statute.

FRANKLIN,
January,
1831.

Dodge, admr.
vs.
Prince et al.

He is attorney merely for the purpose of prosecuting or defending the suit to judgement, and receiving payment : and his discharge of the execution without receiving payment would not be binding on his client. This point was decided by this Court at Burlington, at the recent term, in the case of *Galusha* vs. *Sinclair.**

The other point, relied upon by the defendant, involves very serious difficulties. The appraisers were appointed by a justice of the peace, and yet the return of the officer does not show that he was such a justice as might judge between the parties in civil causes. That he should be such, is the express requisition of the statute. At an early day, the form of a levy was prepared and published by an eminent jurist *Judge Chipman :* and that form has been generally followed by officers ; and the title to such an immence amount of land depends on levies, made agreeable to that form, that courts have felt constrained to sanction them. That form, it will be recollected, describes the appraisal as made by A B, &c., " chosen, appointed, and sworn, according to law." This form necessarily includes all the requisites of the statute. The objection to it is, that the officer makes himself the judge of what is agreeable to law, instead of returning the facts, that the court may judge of the law ; and this objection would be too formidable to be surmounted, if the form had been recently adopted. But the Court has not as yet decided that a levy is valid, when the officer undertakes to detail his proceedings, and omits a material requisite of the statute. If we dispense with this, we see no reason why, when this is not wanting, we may not dispense with any or all the others. If we consider this levy, with this defect, *prima facie* good, and allow it to be impeached by parol evidence, the same course must be adopted when other material requisites are wanting ; and the consequence would necessarily result, that the whole burden of proof would be changed from the creditor to the debtor. It is insisted by the plaintiff's counsel, that the officer is made judge of the fitness of the justice. Upon this point, it may be remarked, that it does not appear from the return, in this case, that he has undertaken to judge. If his return, upon the face of it, showed a compliance with the statute, it would be presumed to be true, until proved to be false. But, in such a case, if he had applied to a justice, who was interested, or related, the fact might be shown, and the levy thereby avoided. But there is a manifest difference between impeaching a levy, apparently good, and supporting one by parol, which is

*See 3. Vt. Rep. 394.

apparently void. Upon the whole, we consider this objection as fatal to the levy.

The judgement of the county court is, therefore, reversed, and a new trial granted.